LaMonica Herbst & Maniscalco, LLP
Attorneys for Richard E. O'Connell, Esq., Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
David A. Blansky, Esq.
Jordan Pilevsky, Esq.

Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C.
Attorneys for Creditor Centennial Insurance Co.
11 Hanover Square, 4th Floor
New York, New York 10005
(212) 495-0100
Steven Weinberg, Esq.
Richard B. Demas, Esq.

**Hearing Date: October 5, 2010 at 10:00 a.m.**
**Objections Due: September 28, 2010 at 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

THOMAS ALBERT DEMARTINO,                      Chapter 7
                                              Case No. 09-40443 (JF)

                              Debtor.
------------------------------------------------------------X
Richard E. O'Connell, Esq., as the Chapter 7 Trustee
of the Estate of Thomas Albert Demartino, and
Centennial Insurance Company,                 Adv. Pro. No.: 09-01367 (JF)

                              Plaintiffs,

        -against-

Thomas Albert Demartino,

                              Defendant.
------------------------------------------------------------X

**NOTICE OF MOTION AND MOTION FOR AN ORDER PURSUANT TO RULES 12(C) AND 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULES 7012 AND 7056 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE GRANTING JUDGMENT OF THE PLEADINGS OR SUMMARY JUDGMENT TO THE PLAINTIFFS ON THEIR SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF**

**PLEASE TAKE NOTICE**, that at 10:00 a.m. on **October 5, 2010** or as soon thereafter as counsel may be heard, a hearing (the "Hearing") will be held before the Honorable Jerome Feller, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New

York, 271 Cadman Plaza, Brooklyn, New York 11201 (the "Court"), upon the motion (the "Motion") of Plaintiffs Richard E. O'Connell, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Thomas Albert DeMartino (the "Debtor" or "Defendant"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, and Centennial Insurance Company ("Centennial"), by its attorneys, Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C., (collectively, the "Plaintiffs") together with the Plaintiffs' Statement of Material Facts, for the entry of an Order under Rules 12(c) and 56 of the Federal Rules of Civil Procedure and Rules 7012 and 7056 of the Federal Rules of Bankruptcy Procedure granting judgment on the pleadings or summary judgment on the second, third and fourth claims for relief in favor of the Plaintiffs and against the Defendant, together with such other and different relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that objections ("Objections") to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Jerome Feller, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: David A. Blansky, Esq., and Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C., the attorneys for Centennial, Attn: Richard B. Demas, Esq., no later than **September 28, 2010 at 4:00 p.m.**, as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 473), which may be accessed through the internet at the Bankruptcy Court's website at: https://ecf.nyeb.uscourts.gov/cgi-bin/login.pl; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers

and the file name on the outside of the envelope. An objection filed by a party with no legal

representation shall comply with §(b) as set forth in this paragraph.

**PLEASE TAKE FURTHER NOTICE**, that the hearing on the approval of the Motion

may be adjourned from time to time without any other announcement other than that set forth in

open Court.

Dated: September 7, 2010
      Wantagh, New York

                                  **LaMonica Herbst & Maniscalco, LLP**
                                  Attorneys for Richard E. O'Connell, Esq.,
                                  the Chapter 7 Trustee

By:     *s/ David Blansky*
            David A. Blansky, Esq.
            A Member of the Firm
            3305 Jerusalem Avenue
            Wantagh, New York 11793
            (516) 826-6500

            **GOTTESMAN, WOLGEL, MALAMY,**
            **FLYNN & WEINBERG, P.C.**
            Attorneys for Centennial Insurance Company

By:     *s/ Richard B. Demas*
            Richard B. Demas, Esq.
            11 Hanover Square. 4th Floor
            New York, New York 10005
            (212) 495-0100

LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
David A. Blansky, Esq.
Jordan Pilevsky, Esq.

Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C.
Attorneys for Creditor Centennial Insurance Co.
11 Hanover Square, 4th Floor
New York, New York 10005
(212) 495-0100
Steven Weinberg, Esq.
Richard B. Demas, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

THOMAS ALBERT DEMARTINO,                        Chapter 7
                                                Case No. 09-40443 (JF)

                                    Debtor.
-------------------------------------------------------------X
Richard E. O'Connell, Esq., as the Chapter 7 Trustee
of the Estate of Thomas Albert Demartino, and
Centennial Insurance Company,                   Adv. Pro. No.: 09-01367 (JF)

                                    Plaintiffs,

          -against-

Thomas Albert Demartino,

                                    Defendant.
-------------------------------------------------------------X

## PLAINTIFFS' MOTION FOR AN ORDER PURSUANT TO RULES 12(C) AND 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULES 7012 AND 7056 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE GRANTING JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT TO THE PLAINTIFFS ON THEIR SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF

**To:    The Honorable Jerome Feller
         United States Bankruptcy Court Judge
         United States Bankruptcy Court
         Eastern District of New York**

         Richard E. O'Connell, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Thomas

Albert DeMartino, by his attorneys, LaMonica Herbst & Maniscalco, LLP ("LH&M"), and

Centennial Insurance Company ("Centennial"), by its attorneys Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C. ("GWMF&W") (collectively, the "Plaintiffs"), hereby seek the entry of an Order under Rules 12(c) and 56 of the Federal Rules of Civil Procedure and Rules 7012 and 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") granting the Plaintiffs judgment on the pleadings or summary judgment on their second, third and fourth claims for relief as detailed in their amended complaint dated May 7, 2010 (the "Amended Complaint") against Thomas Albert DeMartino (the "Defendant" or "Debtor") denying the Debtor a discharge, together with such other further and different relief as the Court deems just and proper, respectfully set forth and represent the following:

## BACKGROUND

1. On January 23, 2009 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2. By Notice of Appointment, Richard E. O'Connell, Esq., was appointed as the interim Chapter 7 Trustee of the Debtor's estate, has duly qualified, and is the permanent Trustee in this case.

3. Centennial is a creditor of the Debtor.

4. In connection with his bankruptcy filing, the Debtor filed schedules (the "Schedules") and a statement of financial affairs (the "Statement of Financial Affairs"). The Statement of Financial Affairs was amended on March 16, 2009. [Main Case Docket No. 23].

5. The Debtor appeared and testified at a Meeting of Creditors held pursuant to Section 341 of the Bankruptcy Code on February 24, 2010 (the "341 Meeting").

6. On June 24, 2009, Centennial conducted an examination of the Debtor pursuant to Bankruptcy Rule 2004 (the "2004 Examination"). Excerpts of the transcript of the 2004

Examination are annexed as Exhibit "F" to the Plaintiffs Statement of Material Facts (the "Statement of Material Facts")

7.        Counsel for the Trustee participated in the Rule 2004 Examination.

**A.  The Mechanics' Liens**

8.        In connection with the filing of the Schedules, the Debtor declared, under penalty of perjury, as follows: "I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets, and that they are true and correct to the best of my knowledge, information, and belief."

9.        On or about July 22, 2009, and post-petition, the Debtor filed a "Notice Under Mechanic's Lien Law" in which he asserted a lien against the real property known as, and located at, 157-31 83rd Street, Howard Beach, New York (the "83rd Street Property") in the amount of $100,000.00 for work performed and materials provided from January 15, 2004 through May 29, 2009 (the "83rd Street Lien") pursuant to an agreement with Guiseppe DeMartino a/k/a Joseph DeMartino, the Debtor's father (hereinafter referred to as "Joseph DeMartino").  A copy of the 83rd Street Lien is annexed as Exhibit "B" to the Statement of Material Facts.

10.        On or about September 16, 2009, and post-petition, the Debtor filed a "Notice Under Mechanic's Lien Law" in which he asserted a lien against the real property known as, and located at, 158-11 96th Street, Howard Beach, New York (the "96th Street Property") in the amount of $107,000.00 for work performed and materials provided from April 1, 2003 through May 17, 2009 (the "96th Street Lien") pursuant to an agreement with Joseph DeMartino.  A copy of the 96th Street Lien is annexed as Exhibit "I" to the Statement of Material Facts.

11.     Both the 83rd Street Lien and the 96th Street Lien arise from claims existing prior to the Filing Date.

12.     The Debtor failed to include the claims forming the basis for either the 83rd Street Lien or the 96th Street Lien on Schedule B to his Petition and has not amended Schedule B to reflect any claims forming a basis for the 83rd Street Lien or the 96th Street Lien.  <u>See</u> Exhibit "C" to the Statement of Material Facts.

13.     The Debtor failed to disclose any agreements with Joseph DeMartino on Schedule G to his Petition and has not amended Schedule G to reflect any agreements and/or contracts with Joseph DeMartino.  <u>See</u> Exhibit "D" to the Statement of Material Facts.

**B.  <u>The State Court Action</u>**

14.     In connection with the filing of his Statement of Financial Affairs, the Debtor declared, under penalty of perjury, as follows: "I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct."

15.     On or about on September 24, 2008, less than four (4) months prior to the Filing Date, Anthony Lazzaro ("Lazzaro"), the principal of Metro Foundation Contractors filed a Summons and Verified Complaint (the " Lazzaro Complaint") in the Supreme Court of the State of New York, County of Queens, captioned <u>Anthony Lazzaro v. Thomas Demartino, TDI Construction, Inc., Angela Militana, Angelina Militana, Jason Karavias and Speedy Lien, Inc.</u>, under Index No. 23728-2008 (the "State Court Action").  <u>See</u> Exhibit "J" to the Statement of Material Facts.

16.     The Lazzaro Complaint alleged that the Debtor was employed as a management consultant to oversee jobsite operations on certain construction projects performed by companies

owned by Lazzaro, including Metro Foundation Contractors, and that for such services, the Debtor received a fee of $1,250.00 per week from May 2007 through July 2008 (the "Payments"). The Lazzaro Complaint further alleged that the Payments were transferred by the Debtor to his wife within the year prior to the Filing Date. Id.

17.     The Debtor failed to disclose the State Court Action on his original and amended Statements of Financial Affairs and has not since amended his Statement of Financial Affairs to reflect the State Court Action. See Exhibit "K" to the Statement of Material Facts.

### C. The Adversary Proceeding

18.     On September 23, 2009, the Trustee filed the instant adversary proceeding (the "Adversary Proceeding") pursuant to 11 U.S.C. §§ 521, 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A), and 727(a)(5), objecting to the granting of the Debtor's discharge.

19.     On or about September 23, 2009, Centennial filed a substantially similar adversary proceeding.

20.     By Stipulation and Order dated May 7, 2010, Centennial dismissed its adversary proceeding and was joined as a co-plaintiff to the Adversary Proceeding.

21.     On or about May 7, 2010, an Amended Complaint was filed with the Court reflecting Centennial as a co-plaintiff to the Adversary Proceeding. A copy of the Amended Complaint is annexed as Exhibit "A" to the Statement of Material Facts.

22.     On or about May 17, 2009, the Defendant, through his counsel, filed an answer (the "Answer") to the Amended Complaint, in which he admitted, *inter alia*, that:

> a. the Debtor filed the 83rd Street Lien;
>
> b. the Debtor has failed to amend Schedule B to his Petition to reflect monies owed to him as stated in the 83rd Street Lien;

c. the Debtor has failed to include any executory contract on Schedule G to his Petition reflecting an executory contract with Joseph DeMartino in connection to the 83rd Street Property or the 83rd Street Lien;

d. the Debtor has failed to amend Schedule G to his Petition to reflect any executory contract with Joseph DeMartino in connection to the 83rd Street Property or the 83rd Street Lien;

e. the Debtor filed the 96th Street Lien;

f. the Debtor has failed to amend Schedule B to his Petition to reflect monies owed to him as stated in the 96th Street Lien;

g. the Debtor has failed to include any executory contract on Schedule G to his Petition reflecting an executory contract with Joseph DeMartino in connection to the 96th Street Property or the 96th Street Lien;

h. the Debtor has failed to amend Schedule G to his Petition to reflect any executory contract with Joseph DeMartino in connection to the 96th Street Property or the 96th Street Lien;

i. the State Court Action was filed on September 24, 2008 and that the Debtor failed to disclose the State Court Action on his Statement of Financial Affairs.

23. No affirmative defenses were asserted in the Answer. A copy of the Answer is annexed as Exhibit "L" to the Statement of Material Facts.

## BASIS FOR RELIEF

### A. Judgment on the Pleadings Standard

24. Under Rule 12 (c) of the Federal Rules of Civil Procedure ("Rule 12(c)"), as made applicable to this proceeding by Bankruptcy Rule 7012, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1998).

25.     The standard for reviewing a motion for judgment on the pleadings is similar to the standard for a motion for summary judgment or a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  As a result, the Court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." Ryan v. Sullivan, Hill, Lewin, Rez, Engel & Labazzo, 316 B.R. 101, 104 (D.Conn. 2004) (citing Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001)).

26.     Conclusory statements unsupported by assertions of facts or legal conclusions and characterizations presented as factual allegations need not be credited by the Court.  See Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986); Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999).  In deciding a motion for judgment on the pleadings, the Court "may consider the pleadings and exhibits attached thereto, and statements or documents incorporated by reference in the pleadings." Alvarado v. Kerrigan, 152 F. Supp. 2d 350, 354 (S.D.N.Y. 2001).

27.     In the instant case, the Debtor, in his Answer, has already admitted to the existence of the State Court Action and that he filed both the 83rd Street Lien and the 96th Street Lien.  See Exhibit "L" to the Statement of Material Facts.  The Debtor further admitted that he failed to disclose such information on his Schedules of Statement of Financial Affairs.  Id. Accordingly, the Plaintiffs submit that the pleadings alone merit a judgment denying the Debtor's discharge.

**B. Summary Judgment Standard**

28.     Under Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), as made applicable to this proceeding by Bankruptcy Rule 7056, the Court shall grant summary judgment when there are "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 106 S. Ct. 2548, 2552 (1986) (internal quotations omitted). The party moving for summary judgment is required to demonstrate that there is an absence of evidence which supports the non-movant's case. Id. at 325, 106 S.Ct. at 2553.

29.     Rule 56 further provides that a party opposing a motion for summary judgment may not rest upon the mere allegations or denials of the adverse parties' pleadings, but the adverse parties' response must set forth specific facts showing there are genuine issues for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986). In addition, "[a]s to any essential factual element of its claim on which the non-movant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trial worthy issue warrants summary judgment for the moving party." In re Ralar Distribs., Inc., 4 F.3d 62 (1st Cir. 1993). The burden on the moving party may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. at 2553.

30.     Once a motion for summary judgment is made, a nonmoving party who bears the burden of proof on an issue must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324.

31.     Here, the Plaintiffs submit that there are no genuine issues of material facts with respect to the second, third and fourth claims for relief in the Amended Complaint.   In his Answer, Defendant has already admitted to having filed the 83rd Street Lien and the 96th Street Lien and failing to disclose them or the pre-petition claims giving rise to them on his Schedules.   Accordingly, since there are no worthy trial issues, summary judgment is warranted.

### C. Overview of the Denial of a Discharge

32.     In Periera v. Young (In re Young), the Court succinctly provides an overview concerning the standard for denying the Debtor a discharge.   In pertinent part, the Court stated as follows,

> This Court and others have observed that "'Chapter 7 of the Bankruptcy Code . . . affords powerful relief to individuals saddled with oppressive debt by granting honest debtors a discharge from their dischargeable debts.'" _Ochs v. Nemes (In re Nemes)_, 323 B.R. 316, 323 (Bankr. E.D.N.Y. 2005) (quoting _Jacobowitz v. The Cadle Co. (In re Jacobowitz)_, 309 B.R. 429, 435 (S.D.N.Y. 2004)). "Such relief, however, is a privilege, not a right, and should only inure to the benefit of the 'honest but unfortunate debtor.'" _Christy v. Kowalski (In re Kowalski)_, 316 B.R. 596, 601 (Bankr. E.D.N.Y. 2004) (quoting _Krohn v. Frommann (In re Frommann)_, 153 B.R. 113, 116 (Bankr. E.D.N.Y. 1993)). _See also Local Loan Co. v. Hunt_, 292 U.S. 234, 244 (1934) (Bankruptcy Code serves the public and private purpose of offering the "honest but unfortunate debtor . . . a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.").
>
> Recognizing that denial of a discharge is an extreme penalty, the Second Circuit Court of Appeals has instructed that objections to a debtor's discharge under Section 727 of the Bankruptcy Code "must be construed strictly against those who object to the debtor's discharge and 'liberally in favor of the bankrupt.'" _State Bank of India v. Chalasani (In re Chalasani)_, 92 F.3d 1300, 1310 (2d Cir. 1996) (citation omitted). _See also Sterling Int'l, Inc. v. Thomas (In re Thomas)_, 2003 WL 21981707, *6 (Bankr. D. Idaho July 17, 2003) ("This accepted standard recognizes that loss of discharge is

one of the most substantial sanctions that can be levied by [the] Court.").

In keeping with the principle that objections to discharge under Section 727(a) are construed liberally in favor of the debtor, Rule 4005 of the Federal Rules of Bankruptcy Procedure provides that the objecting creditor bears the burden of proof in an objection to a debtor's discharge. Fed. R. Bankr. P. 4005. And the objecting creditor bears this burden of proof by a preponderance of the evidence. *See* <u>*Grogan v. Garner*</u>, 498 U.S. 279, 289-91 (1991) (finding that the appropriate standard of proof in Section 523(a) actions is by a preponderance of the evidence and suggesting that it is the same under Section 727).

346 B.R. 597 (Bankr.E.D.N.Y. 2006).

### D. <u>Indicia of Fraud</u>

33.    In this case, the Plaintiffs object to the Debtor's discharge, *inter alia*, under Bankruptcy Code § 727(a)(2)(B) on the grounds the Debtor concealed property after the Filing Date; under § 727(a)(3) on grounds that the Debtor concealed, or failed to keep or preserve, recorded information; and, under § 727(a)(4)(A) on the grounds the Debtor knowingly and fraudulently, in connection with his bankruptcy case, made a false oath or account.   If the Plaintiffs demonstrate entitlement to judgment on any of these claims based on the pleadings or as a matter of law, then the Debtor's discharge must be denied.

34.    As is demonstrated herein, the Debtor has engaged in willful fraudulent conduct and/or omissions which provide grounds for this Court's denial of the Debtor's discharge. Specifically, the Debtor has hindered the Trustee's ability in performing his duties under the Bankruptcy Code by concealing potential assets of the estate and making false oaths and accounts on his Schedules and Statement of Financial Affairs.   As a result of such fraudulent conduct and omissions, the Debtor should not be afforded the privilege of a discharge in his bankruptcy case.

35.     The claims for relief, under Bankruptcy Code 727(a)(2)(B) and (a)(4)(A), require a demonstration of fraud or fraudulent intent.  As discussed further below, the claim under Bankruptcy Code 727(a)(3) does not require a showing of mens rea.  While fraudulent intent is "rarely susceptible to direct proof" such proof is available in cases where the Court finds that the transaction was planned and executed with knowing and active participation by the parties.  Numerous courts have held that "actual intent may be proven by circumstantial evidence."  See In re Kaiser, 722 F.2d 1574, 1582 (2d Cir. 1983); Dixie Yarns, Inc. v. Forman, 906 F. Supp. 929 (S.D.N.Y. 1996).  As a result, the courts have developed "badges of fraud" to establish the requisite actual intent to defraud.

36.     These badges of fraud include, but are not limited to: (a) the family, friendship or close associate relationship between the parties; (b) the retention of possession, benefit or use of the property in question; (c) the financial condition of the party sought to be charged both before and after the transaction in question; (d) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (e) the general chronology of the events and transactions under inquiry.  See  In re Kaiser, 722 F.2d at 1582 (internal citation omitted).

37.     In the instant case, most, if not all, of the classical badges of fraud are present.  The Debtor intentionally and repeatedly failed to disclose the 83rd Street Lien or the 96th Street Lien or the pre-petition claims giving rise to the 83rd Street Lien or the 96th Street Lien, turn over any documents and records relating to these liens to the Trustee, or disclose the State Court Action.  Indeed, in his Answer, the Debtor admitted that he failed to disclose the claims forming the basis for either the 83rd Street Lien or the 96th Street Lien on his Schedule and has not

amended his Schedules to reflect any such liens.  <u>See</u> Exhibit "L" to the Statement of Material Facts.

38.     In regards to both the 83rd Street Lien or the 96th Street Lien, the agreement giving rise to the claims were entered into with an individual with whom the Debtor held a confidential relationship, namely his father.  See Exhibit "F", pp 22-24 to the Statement of Material Facts.

39.     Further, the Debtor did not disclose these liens at either the 341 Meeting or at the 2004 Examination.  In fact, the Debtor filed the liens, which primarily consist of pre-petition claims, less than three (3) months after failing to reveal such claims at the Rule 2004 Examination.  <u>See</u> Exhibits "B" and "I" to the Statement of Material Facts.  Moreover, the Debtor filed these liens after the Filing Date and in violation of the automatic stay. <u>Id</u>.

40.     By not disclosing these liens or the State Court Action, the Debtor has concealed potential assets from the reach of his creditors and the Trustee.  In fact, the Debtor engaged in a course of conduct that has only disturbed Centennial's ownership of the 96th Street Property.  Pursuant to an Order and Judgment of the New York State Supreme Court, Queens County, dated January 8, 2009 (as modified by an Order dated January 21, 2009)(the "Ejectment Judgment"), the Debtor was enjoined from disturbing Centennial's ownership and possession of the 96th Street Property.  <u>See</u> Exhibit "H" to the Statement of Material Facts.

41.     Since the Ejectment Judgment was entered, Debtor has filed or caused to be filed (through TDI Construction Inc., a company he solely dominates and controls) two Notices of Liens against the 96th Street Property for the same exact work for essentially the same time period, causing Centennial to incur thousands of dollars in legal expenses and disturbing Centennial's ownership and possession of the 96th Street Property.  <u>See</u> Exhibits "E" and "I" to the Statement of Material Facts.

42.     Debtor, through TDI, had filed a Notice Under Lien Law against the 96th Street Property on May 8, 2009. Centennial then commenced a summary proceeding to discharge the TDI Notice of Lien in July 2009. Judgment discharging the TDI Notice of Lien was not entered until April 2010.

43.     During the 2004 Examination, Debtor testified that he had "transferred" his "interest" in the 96th Street Property to TDI in January 2007, and thus it was TDI that had performed the work and supplied the materials alleged in the TDI Notice of Lien. See Exhibit "F" pp 31-44 to the Statement of Material Facts.

44.     Thereafter, Debtor, on September 16, 2009, filed the 96th Street Lien in which he asserted, under oath, that he performed work and/or supplied materials for essentially the same time period as the TDI Notice of Lien.  See Exhibits "E" And "I" to the Statement of Material Facts.  This was after his 2004 Examination, wherein the Debtor testified that he had "assigned" his "interest" in the 96th Street Property to TDI. See Exhibit "F" pp 31-44 to the Statement of Material Facts.

45.     The chronology, as reflected above, demonstrates that the Debtor's failure to list his interest in certain real properties or cooperate with the Trustee in the Trustee's investigation of his financial affairs was no mere oversight and that the Debtor knowingly and willfully intended to perpetrate a fraud on the Court, the Trustee, Centennial, and his other creditors.

46.     Given the numerous badges of fraud demonstrated above, the Plaintiffs are entitled to an order and judgment denying the Debtor's discharge under Bankruptcy Code § 727(a)(2)(B) and 727 (a)(4).

**E.  Second Claim for Relief – Bankruptcy Code § 727(a)(2)(B)**

47.     Bankruptcy Code § 727(a)(2) provides, in pertinent part,

> (a) The court shall grant the debtor a discharge, unless–
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed - -
>
> (B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2).

48.     As demonstrated by the foregoing discussion of the badges of fraud present in this case, the Debtor acted within intent to hinder, delay or defraud his creditors and the Trustee, as an officer of this estate, by concealing certain claims that formed the basis of the 83rd Street Lien and the 96th Street Lien, both of which were not recorded until after the Filing Date in violation of the automatic stay.  These acts and omissions plainly fall within the purview of Bankruptcy Code §§ 727(a)(2)(B).  Accordingly, the Debtor's discharge should be denied under this section.

**F.  Third Claim for Relief - Bankruptcy Code § 727(a)(3)**

49.     Bankruptcy Code Section 727(a)(3) provides a debtor a discharge, unless:

> (3)     the debtor has concealed, destroyed, mutilitated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

See 11 U.S.C. § 727(a)(3).

50.     Under Section 727(a)(3), the objecting party bears the burden of showing the inadequacy of the debtor's records to ascertain his or her financial condition. Fed. R. Bankr. P.

4005. See Wazeter v. Michigan Nat'l Bank (In re Wazeter), 209 B.R. 222, 227 (W.D. Mich. 1997).

51.    Accordingly, to prevail on a claim under Bankruptcy Code § 727(a)(3), the Plaintiffs must demonstrate: "(1) that the [D]ebtor failed to keep or preserve adequate records; and (2) 'that such failure makes it impossible to ascertain the [Debtor's] financial condition and material business transactions.'" In re Jacobowitz, 309 B.R. at 436 (quoting Meridian Bank, 958 F.2d at 1232)).  A Trustee is not required to demonstrate that the Debtor willfully concealed or destroyed his records because intent is not a necessary element of an objection to discharge under this section. In re Kowalski, 316 B.R. at 602; Thaler v. Erdheim (In re Erdheim), 197 B.R. 23, 29 (Bankr.E.D.N.Y. 1996) ("Intent to conceal the Debtor's financial condition is not a necessary element to support an objection to discharge for failure to keep books and records.") (internal citations omitted).

52.    In this case, the Debtor concealed records that would reflect his interest in the 83rd Street Property and the 96th Street Property.  Recorded information that was known and available to the Debtor include, at the minimum, the agreements with Joseph DeMartino.

53.    Here, there is no dispute that the Debtor has concealed information evidencing his financial condition.  Specifically, the Debtor failed to disclose any information regarding any monies owed or claims that formed the basis for the 83rd Street Lien and the 96th Street Lien, each of which was recorded in violation of the automatic stay.  Schedule B of the Debtor's Petition reflects that he does not have any accounts receivable or other contingent and unliquidated claims of any nature.  See Exhibit "C" to the Statement of Material Facts.

54.    In fact, at the Rule 2004 Examination, the Debtor had an opportunity to disclose any and all claims that he had against any real property.  Although questioned regarding his

connection to the 83rd Street Property and the 96th Street Property, at no point did the Debtor disclose any individual claims or interests in and to the real properties. See Exhibit "F" to the Statement of Material Facts. Yet, within three (3) months subsequent to the Rule 2004 Examination, the Debtor filed and recorded the 83rd Street Lien and the 96th Street Lien, both of which entail pre-petition claims. See Exhibits "B" and "I" to the Statement of Material Facts.

55.  Where a Trustee meets his burden of showing that the debtor's records are insufficient to ascertain his financial condition and business transactions, then the burden shifts to the debtor to produce "'additional credible evidence to rebut the proof of insufficient records, or to justify the absence of records.'" In re Erdheim, 197 B.R. at 29 (quoting United States Fid. & Guar. v. Delancey (In re Delancey), 58 B.R. 762, 767-68 (Bankr.S.D.N.Y. 1986)). The Debtor has no credible evidence to rebut the Trustee's demonstration of the inadequacy of his records. The Debtor has not even alleged any justification for the absence of records as a defense in his answer.

56.  Moreover, several months had elapsed after the 83rd Street Lien was recorded prior to the filing of the instant Adversary Proceeding. Yet, the Debtor did not amend any of his Schedules to reflect this lien.

57.  At no point has the Debtor disclose any information related to the 83rd Street Lien and the 96th Street Lien as a potential asset of the estate and its creditors.

58.  In fact, the Debtor's act of filing the 96th Street Lien has only frustrated and impaired Centennial's ability to transfer property in its possession and control.

59.  As demonstrated by the foregoing, it is clear that the Debtor's discharge must be denied under Section 727(a)(3) of the Bankruptcy Code, as set forth in Plaintiffs' third claim for relief in the Amended Complaint.

### G. Fourth Claim for Relief - Bankruptcy Code § 727(a)(4)(A)

60.     As stated in <u>Clark v. Tieszen (In re Tieszen)</u>, 1999 WL 669263, at 9 (Bankr.N.D. Ill. Aug. 24, 1999), "[t]he purpose of § 727(a)(4) is to enforce a debtor's duty of disclosure and to ensure that the debtor provides reliable information to those who have an interest in the administration of the estate."

61.     In the instant case, the "cumulative effect of all the falsehoods together evidences a pattern of reckless and cavalier disregard for the truth serious enough to supply the necessary fraudulent intent required by §§ 727(a)(4)(A)".  <u>In re Kaiser</u>, 722 F.2d at 1584 (*quoting* <u>In re Diodati</u>, 9 B.R. 804, 808 (Bankr.D.Mass. 1981)).   The Court has recognized that where the "number of omissions, misleading and false statements in the petition, schedules and statement of financial affairs is substantial" a discharge should be denied a debtor.  <u>In re Dubrowsky</u>, 244 B.R. at 568.

62.     The numerous false statements and/or omissions made by the Debtor are as follows:

>   a.  Knowingly and fraudulently making a false oath by failing to list any claims and potential assets of the bankruptcy estate in connection with the 83rd Street Lien and the 96th Street Lien on his Schedules;
>
>   b.  Knowingly and fraudulently making a false oath by failing to amend his Schedules to reflect the 83rd Street Lien and the 96th Street Lien;
>
>   c.  Knowingly and fraudulently failing to disclose the State Court Action on his Statement of Financial Affairs;

63.     Indeed, by failing to disclose the information which was required to be listed on his Schedules and Statement of Financial Affairs, the Debtor has materially misrepresented and understated potential assets of the estate.  Clearly, the Debtor's omissions concerning the 83rd Street Lien, the 96th Street Lien and the Lazzaro Complaint have hindered the Trustee in

performing his duties under the Bankruptcy Code. In that regard, the Debtor has acted to the detriment of all creditors of the Debtor's estate, including Centennial, and the Trustee. These acts and omissions plainly fall within the purview of Bankruptcy Code § 727(a)(4)(A) and, therefore, the Debtor's discharge should be denied, as set forth in Plaintiffs' fourth claim for relief in the Amended Complaint.

64.     Based on the foregoing, the Plaintiffs believe that the elements set forth in Section 727 (a)(2)(B), (a)(3) and (a)(4)(A) of the Bankruptcy Code have been satisfied. As such, the burden shifts to the Defendant to present testimonial or other evidence. See <u>Sapir v. Sartorius</u>, 230 B.R. at 656, <u>citing</u> <u>In re Grabowski</u>, 137 B.R. 1, 3 (S.D.N.Y. 1992). The Defendant must - but is unable to - "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex</u>, 477 U.S. at 324.

65.     Accordingly, the Plaintiffs respectfully request that the Court deny the Debtor's discharge.

### CONCLUSION

66.     Based on the undisputed facts, there is no material question of fact precluding the granting of judgment in favor of Plaintiffs in their second, third and fourth claims for relief.

67.     No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** the Plaintiffs respectfully request that this Court grant judgment on the pleadings or summary judgment on their Second, Third and Fourth Claims for Relief in the Amended Complaint in favor of the Plaintiffs and against the Defendant denying his discharge, together with such other and further relief as the Court deems just and proper.

Dated: September 7, 2010
      Wantagh, New York

**LaMonica Herbst & Maniscalco, LLP**
Attorneys for the Trustee

By:   _s/ David A. Blansky_
David A. Blansky, Esq.
A Member of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

**GOTTESMAN, WOLGEL, MALAMY, FLYNN & WEINBERG, P.C.**
Attorney for Centennial Insurance Company

By:   _s/ Richard B. Demas_
Richard B. Demas, Esq.
11 Hanover Square. 4th Floor
New York, New York 10005
(212) 495-0100